one single indivisible combination of all the elements as an entirety, in manner substantially as described, and for the purpose indicated, that is to say, to cut the pulp, like shears, and throw it up to the cutters by means of the bars.

The charge in this complaint is, that the defendant has made and sold this invention as one single invention. The testimony shows that the defendant has manufactured, and furnished to mill-owners, dies, and manufactured and furnished shoes. One witness testifies that the defendant put the dies and shoes together, in some instances, in the shops, for the purpose of trying them to see if they would fit; but there is no testimony which shows that he has ever manufactured any of these "beveled bars." On the contrary, Tyrrell and Horn, his employees, and Belknap, say distinctly, that defendant never manufactured any of the bars, so far as they are aware; but he has manufactured shoes and dies upon the request of parties desiring to have them manufactured. There is no testimony showing that defendant ever manufactured or sold the beveled bars.

The testimony shows, too, that these dies may be, and sometimes are, used in connection with other shoes, and the shoes in connection with the other dies. They are not necessarily used together in the combination.

It is claimed that the defendant has made the shoes and dies without authority from the patentee, knowing they were to be used in violation of the patent, and that this renders him liable even if he did not make the entire machine. Now, if several different parties conspire together, one to make one part of a patented machine, another another, and so on, in order to avoid responsibility, it may well be, that each party so conspiring and engaged in making a complete machine, would, nevertheless, be liable, although he, himself, should actually make but one part of the perfected machine. However that may be, it is not this case. There is no testimony tending to establish such a case. Defendant casts certain parts for customers from patterns furnished by them, without inquiry as to their use. The pieces or elements of this combination are not new, and are capable of use out of this combination. Defendant had a right to cast and sell them to be used separately; and there is no testimony showing either that the beveled bars, or any mechanical substitute for them, were used in connection with any of the dies and shoes which defendant made without authority from Belknap; or that defendant understood that they were to be so used. Belknap, I believe, does say that bars were made by himself to use in combination with those dies and shoes which he ordered made by defendant for the purpose of introducing his invention; but, beyond that, there is no testimony tending to show that any of the parties made and used the beveled bars in connection with any of the dies and shoes which defendant made without authority from the plaintiff.

We have looked over the testimony carefully. My associate, Judge HILLYER, took very full notes, and I find that they agree with my recollection of the testimony. There is nothing, then, to show that this combination was made or sold by the defendant, or that he has made portions of it and sold them to other parties, with the knowledge that they were to be used in connection with the "beveled bars" for the purpose of making up a single complete machine.

We think, therefore, we are bound to advise the jury as asked.

(At the close of the opinion the counsel for plaintiff offered to prove further, that the "beveled bars" were, in fact, of no advantage or use in the combination, and might be dispensed with in practice without in any degree impairing the efficiency of the machine; that the whole advantage of the machine really consisted in the arrangement of the shoes and dies obliquely in connection with the disks, as in the other particulars described in the specifications, so as to cut outward in the manner of shears. But the court held that the whole combination, as an entirety, is the thing claimed as the invention, and patented; and that no part, however useless, can be dispensed with for the purpose of working out an infringement; citing Rich v. Close [Case No. 11,757]; Vance v. Campbell, 1 Black [66 U. S.] 427; Eames v. Godfrey, 1 Wall. [68 U. S.] 78; Carter v. Baker [Case No 2,472]. See, also, Hailes v. Van Wormer, 20 Wall. [61 U. S.] 353; Gould v. Rees, 15 Wall. [82 U. S.] 194.)

THE COURT thereupon advised the jury to return a verdict for the defendant, which was accordingly done.

---

## Case No. 3,187.

### COOLIDGE v. PAYSON.

[See Case No. 10,860.]

---

COOLIDGE (UNITED STATES v.). See Cases Nos. 14,857 and 14,858.

COOLY (UNITED STATES v.). See Case No. 14,859.

COOLY (WASHINGTON v.). See Case No. 17,226.

COOMBE (HOMANS v.). See Cases Nos. 6,653 and 6,654.